UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STARR SURPLUS LINES INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| | § | CIVIL ACTION NO. 4:16-CV-03490 |
| v. | § § | |
| SEIBERT ENTERPRISES, LLC | § § | |
| *Defendant*. | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1.      State where and when the conference among the parties required by Rule 26(f) was held, and identify the counsel who attended for each party and any unrepresented parties who attended.

**RESPONSE:**

      The parties conducted their Rule 26(f) conference by telephone on February 9, 2017, at 1:30 p.m. with Travis M. Brown for Plaintiff, Misty A. Hataway-Coné for Defendant, Seibert Enterprises, LLC, and Marc J. Wojciechowski for Third Party Defendant, Blake Barnes, in attendance.

2.      List any cases related to this one that are pending in any state or federal court, identifying the case number and court and briefly describing the status or result.

**RESPONSE:**

      Plaintiff has brought the case at bar in order to determine its coverage obligations in the underlying state court case styled *Valley Forge Insurance Company, as Subrogee of ADB Commercial Construction, Inc., and as Assignee of James Coney Island, Inc. v. Seibert Enterprises, LLC*, Cause No. 2016-60530, in the 127th Judicial District Court of Harris County, Texas.   The first trial setting in the underlying lawsuit is currently set for October 16, 2017.

3.      Briefly describe what this case is about.

**RESPONSE:**

This is a coverage lawsuit regarding a commercial general liability policy issued by Plaintiff to Defendant.  In the underlying lawsuit, ADB Commercial Construction, Inc. is alleged to have entered into a contract with James Coney Island, Inc. to remodel the exterior façade of a two-story restaurant.  ADB subcontracted certain roofing operations to Defendant Seibert, including performing torching operations on the roof of the building.  ADB alleges that on September 9, 2014, Defendant Seibert's personnel caused a fire to erupt by igniting the fiberglass installation along the parapet wall, which eventually resulted in significant damage to the restaurant.  ADB alleges that its liability insurer, Valley Forge, paid $529,135.15 to satisfy the claims from the fire, and Valley Forge brought the underlying lawsuit in subrogation, asserting causes of action for negligence, negligent trespass, strict liability for an abnormally dangerous activity, breach of common law express and implied warranties, deceptive trade practices and violations of the Texas Deceptive Trade Practices Act, breach of contract, punitive damages, and attorney's fees and costs against Defendant Seibert.

Plaintiff in this suit seeks a declaration that it owes no duty to defend or indemnify Defendant Seibert for the claims at issue in the underlying state court litigation pursuant to the policy of insurance that was issued to Defendant Seibert.

Defendant Seibert denies that Plaintiff is entitled to the recovery sought.  Defendant has filed a counterclaim against Plaintiff, seeking a declaration that Plaintiff owes a duty to defend and indemnify Defendant in the underlying lawsuit and that the exclusions to coverage identified by Plaintiff are not applicable.  Defendant has further asserted the affirmative defense of ambiguity, arguing that the terms of the endorsement at issue are ambiguous and as such, a bona fide dispute exists between Plaintiff's and Defendant's interpretation of the provision.  Further, Defendant Seibert filed a third party complaint against Blake Barnes Insurance Services d/b/a Commercial Global Insurance for deceptive trade practices, negligence, and negligent misrepresentation, seeking actual, punitive, and treble damages as well as attorney's fees.[1]

4.    Specify the allegations of federal jurisdiction, identifying any parties who disagree and the reasons.

**RESPONSE:**

This court has diversity jurisdiction as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

---

[1] On February 14, 2017, Defendant Seibert filed its First Amended Answer to Complaint and First Amended Counterclaim Against Plaintiff but never filed a Motion for Leave of Court to file such pleading.  Defendant Seibert did, however, file its First Amended Answer to Complaint and First Amended Counterclaim against Plaintiff within 21 days of filing and serving its Original Answer to Complaint and Original Counterclaim, as provided for in Federal Rule of Civil Procedure 15.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN – PAGE 2**

No party disagrees with federal jurisdiction at this time.

5.      List anticipated additional parties that should be included, when they can be added, and which party wants to add them.

**RESPONSE:**

None at this time

6.      List anticipated interventions.

**RESPONSE:**

None.

7.      Describe class-action or collective-action issues.

**RESPONSE:**

None.

8.      State when the parties will make the initial disclosures required by Rule 26(a) and describe any issues or disputes relating to those disclosures.

**RESPONSE:**

Plaintiff intends to make its initial disclosures on or before March 14, 2017.

Defendant intends to make its initial disclosures on or before March 14, 2017.

Third Party Defendant intends to make its initial disclosures on or before March 14, 2017.

9.      Describe the proposed discovery, including identifying any disputes that have arisen. The matters that must be addressed in this Plan are listed below.  The parties should include others that merit the court's early attention as well:

  A.      Responses to the matters covered in Rule 26(f), including any agreements reached about discovery and any issues or disputes relating to discovery.

JOINT DISCOVERY/CASE MANAGEMENT PLAN – PAGE 3

**RESPONSE:**

> The parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

      B.      When and to whom the plaintiff anticipates it may send interrogatories.

**RESPONSE:**

> Plaintiff anticipates that it may send interrogatories to Defendant on or before May 19, 2017.

      C.      When and to whom the defendant anticipates it may send interrogatories.

**RESPONSE:**

> Defendant anticipates that it may send interrogatories to Plaintiff and Third-Party Defendant on or before June 1, 2017.

> Third Party Defendant anticipates that it may send interrogatories to Plaintiff and/or Defendant on or before April 30, 2017.

      D.      Of whom and by when the plaintiff anticipates taking oral depositions.

**RESPONSE:**

> Due to the nature of this claim, Plaintiff does not anticipate taking oral depositions. Whether Plaintiff owed a duty to defend in the *Valley Forge* lawsuit is based on the eight corners of the pleading in the underlying lawsuit and the policy. Further, the duty to indemnify is based on the actual facts developed in the underlying suit against the insured. Thus, the duty to indemnify takes into consideration all the evidence developed in the underlying lawsuit to determine whether the policy actually provides coverage for the liability of Defendant as resolved through the underlying litigation.[2]

      E.      Of whom and by when the defendant anticipates taking oral depositions.

---

[2] Defendant Siebert contends that in light of the necessity for the development of facts in the underlying lawsuit, perhaps Plaintiff's duty to indemnify should be abated until resolution of the underlying litigation.

**RESPONSE:**

Defendant anticipates taking the oral deposition of: (1) Blake Barnes; (2) a corporate representative of Starr Surplus Lines Insurance Company; (3) the Fire Marshall who investigated the underlying fire; (4) potential fact witnesses with knowledge of relevant facts concerning the premises on the date of the incident;[3] and (5) any experts timely and properly designated by Plaintiff and/or Third Party by November 17, 2017.

Third Party Defendant anticipates taking the oral deposition of a corporate representative of Defendant Seibert Enterprises.

F.

    (i)    When the plaintiff (or party with the burden of proof on an issue) needs to designate expert witnesses under Rule 702, 703, or 705 of the Federal Rules of Evidence.  If so, state when the party will be able to designate the experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        If the only experts are on attorney's fees, state whether the parties agree to submit any fee issues to the court to decide after liability and damages are resolved.

**RESPONSE:**

Plaintiff will designate its experts by October 18, 2017.

Defendant experts will be designated by November 17, 2017.

Third Party Defendant experts will be designated by November 17, 2017

G.    List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.

**RESPONSE:**

Plaintiff may take the deposition of any expert designated by opposing party by December 27, 2017.

---

[3] In the event discovery from the underlying litigation is shared in this suit, it may no longer be necessary to obtain discovery relative to the facts of the underlying fire.

JOINT DISCOVERY/CASE MANAGEMENT PLAN – PAGE 5

H.      List expert depositions the opposing party anticipates taking and their anticipated complete date.  *See* Rule 26(a)(2)(B)(expert report).

**RESPONSE:**

Defendant may take the deposition of any expert designated by opposing party by January 31, 2018.

Third Party Defendant may take the deposition of any expert designated by opposing party by January 31, 2018.

10.     If the parties are not agreed on all or part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE:**

Not applicable.

Defendant Seibert anticipates that Plaintiff will disagree with Defendant concerning the scope and necessity of discovery concerning the facts giving rise to the fire in the underlying litigation.

11.     Specify the discovery beyond initial disclosures that has been done to date.

**RESPONSE:**

None.

12.     State the date the planned discovery can reasonably be completed.

**RESPONSE:**

On or before February 15, 2018.

13.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**RESPONSE:**

Plaintiff believes early settlement may occur.

Defendant believes that in light of the significant discovery, the infancy of the underlying litigation, and the substantial dispute concerning the interpretation of the Policy at issue, unfortunately the likelihood of a prompt settlement or early resolution of this case is unlikely.

Third Party Defendant believes early settlement is only likely in the event the underlying state court action settles early.

14. From the attorneys' discussion with their client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**RESPONSE:**

Plaintiff believes mediation may be possible following the filing of any summary judgment motions.

Defendant believes mediation may be possible and advantageous following the close of expert discovery.

15. Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**RESPONSE:**

The parties do not agree to a trial before a magistrate judge at this time.

16. State whether a jury demand has been made and if it was made on time.

**RESPONSE:**

No jury demand has been made at this time.

17. Specify the number of hours it will likely take to present the evidence in this case.

**RESPONSE:**

Plaintiff anticipates that it can present its evidence within 10 hours.

Defendant anticipates that it can present its evidence within 25-30 hours encompassing Defendant's defense of Plaintiff's case, Defendant's counterclaim, and Defendant's third party claim.

Third Party Defendant anticipates that it can present its evidence within 6 hours.

18.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**RESPONSE:**

None currently pending.

19.   List other pending motions.

**RESPONSE:**

None.

20.   List issues or matters, including discovery, that should be addressed at the conference.

**RESPONSE:**

None other than those noted above.

21.   Certify that all parties have filed the Disclosures of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

**RESPONSE:**

Plaintiff will file its Disclosure of Interested Persons by March 10, 2017.

Defendant has already filed its Disclosure of Interested Persons.

Third Party Defendant will file its Disclosure of Interested Persons by March 10, 2017.

22.     List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.

**RESPONSE:**

    <u>**COUNSEL FOR PLAINTIFF:**</u>

    Harrison H. Yoss
    Texas Bar No. 22169030
    Southern District Bar No. 17055
    Travis M. Brown
    Texas Bar No. 24061890
    Southern District Bar No. 1023852
    Brett D. Gardner
    Texas Bar No. 24078539
    Southern District Bar No. 3016873
    Thompson, Coe, Cousins & Irons, L.L.P.
    700 N. Pearl Street, 25th Floor
    Dallas, Texas 75201
    (214) 871-8200
    (214) 871-8209- FAX
    **hyoss@thompsoncoe.com**
    **tbrown@thompsoncoe.com**
    **bgardner@thompsoncoe.com**

    <u>**COUNSEL FOR DEFENDANT:**</u>

    Kimberley M. Spurlock
    Texas Bar No. 24032582
    KSpurlock@spurlocklaw.com
    Misty A. Hataway-Coné
    Texas Bar No. 24032277
    MCone@spurlocklaw.com
    Spurlock & Associates, P.C.
    17280 West Lake Houston Pkwy
    Humble, Texas 77346
    Facsimile: (281) 446-6553

**COUNSEL FOR THIRD PARTY DEFENDANT:**

Marc J. Wojciechowski
Texas Bar No. 21844600
17447 Kuykendahl Road, Suite 200
Spring, Texas 77379
Telephone: (281) 999-7774
Facsimile: (281) 999-1955
marc@wojolaw.com

| | |
|---|---|
| */s/ Travis M. Brown* | 02/24/2017 |
| Counsel for Plaintiff(s) | Date |
| | |
| */s/ Misty A. Hataway-Coné* | 02/24/2017 |
| Counsel for Defendant(s) | Date |
| | |
| */s/ Marc J. Wojciechowski* | 02/24/2017 |
| Counsel for Third Party Defendant(s) | Date |

2658903v2
10179.059